J-S01028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUINZEL MARSHALL | : | |
| | : | |
| Appellant | : | No. 444 EDA 2019 |

Appeal from the PCRA Order Entered January 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0336001-1985,
CP-51-CR-0336111-1985, CP-51-CR-0500391-1985

BEFORE:   BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED SEPTEMBER 22, 2020**

I join the Majority. I write separately to express my continuing dissatisfaction with the state of the law in this Commonwealth regarding consecutive sentences. This case presents a classic example of what I have previously inveighed against, which is the virtually unfettered discretion given to trial judges as to whether a consecutive or concurrent sentence should be imposed. ***See Commonwealth v. Zirkle***, 107 A.3d 127, 136 (Pa. Super. Ct. 2014) (Strassburger, J., concurring).

Appellant was sentenced to an aggregate of 60 to 120 years' incarceration. His horrific crimes could have easily resulted in the victims' deaths, and 60 to 120 years is certainly defensible. On the other hand, the

---

[*] Retired Senior Judge assigned to the Superior Court.

trial judge could have emphasized that Appellant was only 16 years old and ran the sentences concurrently. Had the sentences run concurrently, he could have received 10-20 years' incarceration.

In this case Appellant presents the issue in terms of the legality of the sentence under Eighth Amendment, and the Majority correctly concludes that we do not have jurisdiction. But even if we had jurisdiction, our hands would be tied. *See Commonwealth v. Foust*, 180 A.3d 416, 438 (Pa. Super. 2018) (holding that this Court "must consider the individual sentences, not the aggregate, to determine if the trial court imposed a term-of-years sentence which constitutes a de facto [life without parole] sentence"). And even if this case were postured for this Court to address the discretionary aspects of Appellant's sentence, as I explained in *Zirkle*, *supra*, there is often little we can do. Appellant and others in his position could serve a minimum of anywhere from 10 years to 60 years, without oversight by the appellate courts. To me, this is untenable.

Judge Kunselman joins in this concurring memorandum.